IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NORSULTAN MAKSATBEK UULU,**

      **Petitioner,**

**v.**                                              **1:26-cv-00129-DHU-SCY**

**TODD LYONS, Acting ICE Directors; MARCOS**
**CHARLES, ERO Acting Executive Associate**
**Director; KRISTI NOEM, DHS Secretary; and**
**PAMELA BONDI, U.S. Attorney General,**

      **Respondents.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Maksatbek Uulu's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. For the reasons below, the Petition is **GRANTED.**

### I.      FACTUAL BACKGROUND

Petitioner is a citizen of Kyrgyzstan who entered the U.S. on or about August 23, 2022, and applied for asylum shortly thereafter. Doc 1. at ¶ 1. In or around August 2022, Petitioner was released upon filing for asylum, and following his release, he has continuously and openly resided in Maywood, Illinois. *Id.* at ¶ 10.

On or about November 9, 2025, Immigration and Customs Enforcement (ICE) apprehended Petitioner. *Id.* at ¶ 11. Petitioner was subsequently transported to the Torrance County Detention Facility, where he remains in ICE's custody. *Id.* at ¶¶ 12-13. According to Petitioner, "[a]t no time following his entry into the United States or after applying for asylum/his release from detention did [he] engage in any unlawful activity, commit any criminal offense, or violate any condition of release imposed by immigration authorities." *Id.* at ¶ 11.

On January 22, 2026, Petitioner filed the instant Petition, asking this Court to:

1

(1) Assume jurisdiction over this matter;

(2) Issue a writ of habeas corpus and order Respondents to immediately release Petitioner from ICE's custody;

(3) Declare that Respondents' detention of Petitioner violates his Fifth Amendment right to due process;

(4) Enjoin Respondents from re-detaining Petitioner upon his release from ICE's custody without: (a) providing Petitioner with prior written notice of the grounds for detention; (b) affording Petitioner an opportunity to be heard and to present evidence demonstrating that his release would not pose a danger to property or persons and that he is likely to appear for any future proceeding; and (c) making an individualized determination, supported by specific facts and evidence, that Petitioner poses a flight risk or danger to the community;

(5) Award Petitioner his reasonable costs and attorneys' fees; and

(6) Grant such other and further relief as this Court deems just, proper, and equitable.

*Id.* at 13-14.

On February 18, 2026, Respondents responded to the Petition, asserting that the facts of this case are "substantially similar" to *Requejo Roman v. Castro*, CIV. A. No. 25-1076, 2026 U.S. Dist. LEXIS 15709 (D.N.M. Jan. 12, 2026), and that "this Court's decision in *R[e]quejo Roman v. Castro*, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Doc. 6 at 2. Respondents did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is

an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.*

## II.   LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing he is being unlawfully detained in violation of the INA and his Fifth Amendment due process rights.

The Fifth Amendment's Due Process Clause prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.   DISCUSSION

The facts of this case are materially indistinguishable from prior cases this Court has decided—such as *Requejo Roman* and *Velasquez Salazar v. Dedos et al.*, ——F.Supp.3d——, 2025 WL 2676729 (D.N.M. 2025)—involving habeas petitioners who were detained within the United States rather than at a border crossing or port of entry. "Following its decisions in *Requejo Roman* and *Salazar*, as well as the decisions of virtually all other federal courts who have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond hearing." *Uribe v. Noem*, CIV. A. No. 25-1139, 2026 WL 127621, at *3 (D.N.M. Jan. 16, 2026) (footnote omitted).

The Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention and that the Government's misclassification of Petitioner under § 1225 and resultant denial of a bond hearing deprived him of his right to due process. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. *See* Doc. 8. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), favor shifting the burden of proof to the Government in any future bond hearing.

## IV. CONCLUSION

For the reasons stated above, Petitioner's habeas petition (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within twenty-four (24) hours of this Order and that the parties submit a joint status report to the Court **no later than Tuesday, April 7, 2026**, confirming Petitioner's timely release. **IT IS FURTHER ORDERED** that Respondents are **RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that Petitioner is a danger to his community or a flight risk.

Petitioner may submit an application for attorney's fees within thirty (30) days of this Order pursuant to 28 U.S.C. § 2412. Respondents may respond to Petitioner's application for fees no later than fourteen (14) days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED**.

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

4